Filed 7/17/23  P. v. Barron CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093046 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F06656) |
| v. | OPINION ON TRANSFER |
| ISAIAH BARRON, | |
| Defendant and Appellant. | |

On August 17, 2009, a jury found defendant Isaiah Barron[1] guilty of conspiracy to commit murder, as well as first degree murder committed for financial gain and while lying in wait.  The jury also found true the special allegation that defendant was involved in an offense in which a principal was armed.  (*People v. Battle* (2011) 198 Cal.App.4th

---

[1]    While the original abstract of judgment lists defendant's name as "Isaiah Dupree Barron," this court's prior orders, the petition for review by our Supreme Court, and our high court's orders list defendant's name as "Isaiah Barron"; we use the latter name in this opinion for consistency.

1

50, 58.)  The trial court sentenced defendant to 25 years to life without the possibility of parole for the murder, plus one year for the arming finding.  The trial court stayed the sentence imposed for the conspiracy pursuant to Penal Code[2] section 654.  We upheld these convictions on appeal.  (*Id*. at p. 56.)

On February 27, 2019, defendant filed a form petition for resentencing under section 1172.6.[3]  The trial court appointed counsel, and the parties submitted briefing.  The trial court denied defendant's petition at the prima facie stage in a written order on September 29, 2020.

Defendant timely appealed.  Defendant's counsel filed a no-issue brief under *People v. Wende* (1979) 25 Cal.3d 436 requesting this court to conduct an independent review of the entire record for arguable issues on appeal.  Thereafter, on May 7, 2021, this court, on its own motion, dismissed defendant's appeal as abandoned.

Defendant petitioned our Supreme Court for review; our high court has now directed us to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216.  On March 28, 2023, this court sent a letter notifying defendant:  (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider.

---

[2]     Undesignated statutory references are to the Penal Code.

[3]     Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

On April 13, 2023, defendant filed a supplemental brief arguing he should be eligible for relief because he withdrew from the conspiracy to commit the murder. Having considered defendant's argument, we affirm.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

Section 1172.6 allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*People v. Gentile*, *supra*, 10 Cal.5th 830, 843.) Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.) First, the trial court determines whether the petition is facially sufficient under section 1172.6, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, the trial court moves on to section 1172.6, subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis*, at p. 966.)

3

Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing he or she is entitled to relief. (*Ibid*.)

As our Supreme Court explained, "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' ' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

We understand defendant's supplemental brief to argue he should be eligible for resentencing because he withdrew from the conspiracy to commit murder. However, whether there may have been evidence from which the jury could have concluded at his original trial that defendant withdrew from the conspiracy to commit murder is not relevant to the question before us; what is before us is whether the trial court erred in denying defendant's petition for resentencing under section 1172.6 at the prima facie stage. (See *People v. Strong* (2022) 13 Cal.5th 698, 713-714 [resentencing under § 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding"].)

In determining defendant's eligibility for relief, the trial court did not have the benefit of the jury instructions from defendant's original trial, leading the court to speculate about what instructions would have been given. We need not engage in such speculation and have incorporated by order the appellate record from defendant's original

4

appeal in *People v. Barron* (Aug. 9, 2011, C063013) [nonpub. opn.]. Having reviewed the jury instructions and verdicts from that record, we confirm defendant is ineligible for relief as a matter of law.

The trial court did not instruct defendant's jury on either a felony-murder theory or the natural and probable consequences murder doctrine. Instead, the court instructed the jury on conspiracy to commit murder, as well as aiding and abetting premeditated murder and lying-in-wait murder. The trial court also instructed the jury on the special circumstances alleging the murder was for financial gain (also referred to as murder for hire) and was committed while lying in wait.

Specifically, and as highlighted in our previous appellate opinion, the trial court instructed the jury, " 'If you decide that the defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstances of murder for hire and lying in wait, you must also decide whether the defendant acted with intent to kill. [¶] In order to prove these special circumstances for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor or a member of a conspiracy, the People must prove that the defendant acted with the intent to kill. [¶] . . . [¶] If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with the intent to kill for the special circumstances to be true.' " (*People v. Battle*, *supra*, 198 Cal.App.4th at p. 64.)

Thus, when the jury found defendant guilty of first degree murder with the murder for hire and lying-in-wait special circumstances, the jury necessarily determined defendant acted with the intent to kill. Accordingly, defendant is ineligible for relief as a matter of law. (See, e.g., *People v. Strong*, *supra*, 13 Cal.5th at p. 710 ["Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life as described in subdivision (d) of . . . Section 190.2' "]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1050, 1055-1059 [jury instructions proved as

5

a matter of law that the getaway driver (the defendant) was ineligible to obtain relief for his second degree murder conviction under § 1172.6 where he was convicted on a direct, implied malice theory].)  Accordingly, this appeal fails.

DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition is affirmed.

/s/
ROBIE, J.

We concur:

/s/
EARL, P. J.

/s/
KRAUSE, J.

6